[Civ. No. 3014. Fourth Dist. July 14, 1942.]

RICHFIELD OIL CORPORATION (a Corporation), Appellant, v. NANNIE E. MOBLEY, Respondent.

H. L. Dunnigan and Louis J. Irving for Appellant.

N. E. Youngblood for Respondent.

BARNARD, P. J.—This is an action in forcible entry and detainer for the purpose of securing possession of certain premises used for a service station. It involves the same parties and property as those involved in *Mobley* v. *Richfield Oil Corporation* (*ante,* p. 406 [128 P. (2d) 105]), this day decided. The case referred to was tried on May 21-22, 1941, and taken

under submission. Before it was decided and on June 10, 1941, a notice and demand for possession was served by this plaintiff, followed by the filing of this action on June 20, 1941.

The complaint alleged, among other things, that on or about June 1, 1941, Roger White abandoned his sublease from the plaintiff and abandoned the leased premises and that thereafter the defendant Nannie E. Mobley, with her agents and employees, unlawfully entered and took possession of the premises in question and refused to deliver possession thereof to the plaintiff on demand therefor. The answer of Mrs. Mobley alleged that on July 11, 1940, she had signed a lease of this property to the plaintiff; that she had been induced to sign this lease by fraudulent representations; that she had brought an action for rescission of said lease, which had been tried and was then under submission; that for these reasons the plaintiff had no right to sublet the premises to Roger White; and that at all times named in the complaint she had been in the sole and exclusive possession of the premises, as sole owner thereof. In a separate answer, it was denied that Roger White had abandoned the leased premises and alleged that on June 1, 1941, the said Roger White was duly inducted into the United States Army, where he still is, and that on May 9, 1941, the said Roger White had executed and delivered to this answering defendant his general power of attorney, and that said defendant has held and now holds said demised premises as agent and attorney-in-fact for said Roger White.

This action was tried on September 8, 1941, after judgment had been entered in the other case, canceling the original lease and decreeing that this plaintiff had no further interest in the property. The court found herein that the defendant Nannie E. Mobley is, and at all times here involved has been, the owner of and entitled to the possession of the premises in question, and that the plaintiff is not and at no time has been entitled to possession of said premises or any part thereof. From a judgment in favor of Mrs. Mobley the plaintiff has appealed.

It is not contended that the findings are not sustained by the evidence. ■■ The sole contention here made is that the allegation of the answer, to the effect that Mrs. Mobley is in the sole and exclusive possession of the property in her own right, and the further allegation in a separate answer that she is holding the property under a power of attorney from her son Roger White, together with the testimony of Mrs.

Mobley in connection with these allegations, are all so inconsistent that the trial court should not have believed any of her testimony. It clearly appears that the allegations in the answer were intended to set up the invalidity of the lease as a defense to the appellant's cause of action and as an alternative defense in the event it should be held that appellant's lease was valid, that she was holding possession under a power of attorney as agent for her son. We see nothing improper in these inconsistent defenses, under the circumstances, and anything appearing on this appeal is immaterial so long as the judgment in the other action remains in force and effect.

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.